*J. V. Campbell*, for the city.

*Johnson & Levy*, contra.

---

### LIABILITY FOR SHOOTING BY ARMED AGENT.

[Circuit Court of Allen County.]

JOHN D. BLAKELY v. HAYES GREER ET AL.

Decided, November, 1905.

*Tort—Of an Agent—Armed by His Employers—Shoots One Rightfully on the Premises—Mistake of Judgment—Pleading.*

Where, in an office occupied by a railroad company, a telegraph company and an express company, their joint agent is provided by them with a revolver for the protection of the property entrusted to his care, and while thus armed and acting in the line of duty shoots at and wounds one entering the building on lawful business, his mistake of judgment must be charged against his employers, and an action for damages on account of the injury suffered will lie against the companies and agent jointly.

VOLLRATH, J.; NORRIS, J., concurs.

The plaintiff in error filed his amended petition in the common pleas court against Hayes Greer, the Lake Erie & Western Railway Company, the Western Union Telegraph Co., and the

U. S. Express Company, and avers in substance that the defendant, Greer, is the servant and agent of the other defendants and was such on the night of the 13th day of December, 1901, in the common office of said defendants in the passenger depot building of said railway companies at the village of Bluffton, Ohio, and engaged within the scope and line of his duties as such agent in charge of said office, etc. That prior to and at the time aforesaid, said Greer as such servant and agent aforesaid, had been and was armed by the direction and with the consent of said last named defendants with a deadly weapon, to-wit, a loaded revolver, which had been furnished to said Greer by the other defendants above named, for the protection of their said servant and their property interests entrusted to his care; that said Greer at said time and long time prior thereto, was of a very nervous and excitable nature or disposition and reckless in his conduct and an improper and excitable person or servant to be so entrusted and charged, all of which facts were known or could have been known to said defendant companies but were all unknown to plaintiff; that notwithstanding the said facts and knowledge and notice said defendant companies left said depot building and common office, etc., in charge of said Greer, and armed and permitted him to be armed and assented to his being armed with a deadly weapon and in the night season and in said office and station and for the purpose aforesaid. · Said depot building and passenger room therein were lighted and the doors thereof unlocked in the night season and open for business, and that on the night of said 13th day of December, 1901, while the said Hayes Greer, as such servant and agent of said defendant companies, was engaged in the line and scope of his duties and authority for said defendant companies, in charge of their said common office, and while acting for said defendants in transacting their business, caring for and looking after and protecting their property interests, plaintiff entered said passenger depot on lawful business, holding a lantern in one hand, and just after entering the door of said passenger depot, for the purpose aforesaid, while in the act of crossing the same, said defendant, Hayes Greer, then

in said building and engaged as aforesaid and while acting for said defendants within the scope of his authority and line of business for said defendant companies, and as their agent and servant, suddenly, without warning or notice, recklessly, wrongfully and negligently, discharged said loaded revolver at the plaintiff, shooting and seriously wounding the plaintiff in the left shoulder and arm and causing severe injury and pain. Plaintiff claims to have suffered great loss and to be permanently injured. Plaintiff further claims that said injury thus caused was so caused by the joint and concurring negligence of each of said defendants and asks for judgment therefor in the sum of $20,000.

To this amended petition a general demurrer was interposed by the defendants, which demurrer was sustained by the court of common pleas, and plaintiff not desiring to plead further, said amended petition was dismissed as to said defendant companies at the costs of the plaintiff. Judgment was rendered accordingly, and this proceeding is prosecuted here to reverse said judgment of the court of common pleas.

It is claimed by the plaintiff in error that the common pleas court erred in sustaining said demurrer, and we think that this contention is well founded. The petition avers that the deadly weapon with which the mischief was done was given to the defendant, Greer, by said defendant companies for the purpose of being used against improper intruders, or, in other words, to protect said building and business interests. Presumably this meant robbers, or burglars, or any one that might seek illegally to trespass upon the property rights of the defendant companies. The revolver was given to Greer to be used for the very purpose for which he thought that he did use it, to-wit, to shoot unlawful intruders. That Greer made a mistake in directing his attack against Blakely does not alter the material facts in the case that this gun had been entrusted to Greer to shoot with and to be used, if necessary, against human beings and, in the nature of things, the determination of the necessity for such use was left by said companies to the judgment of said Greer. He exercised that judgment when he fired upon Blakely.

He was acting within the scope of his authority. He was authorized to shoot if occasion required it, according to his judgment: His judgment was at fault. This can not be charged to Blakely but must be charged to Greer and his employers. This principle is illustrated more or less fully in most of the authorities cited by counsel in this case. In the case of *The Railway Company* v. *Wetmore*, 19 O. S., 110, it is held that a master is not responsible for the wrongful act of his servant unless the act be done in execution of the authority, expressed or implied, given by the master.

In that case a baggage master of the railroad company being angered by abusive language of Wetmore, picked up a hatchet and struck him. It was held that such act was not authorized by the master. The hatchet was furnished for a wholly different purpose. The hatchet was not furnished to strike people with, nor as a means of defense or protection. In the case at bar, however, the revolver was furnished to be used as Greer did use it, subject only to a condition dependent upon the judgment of Greer, namely, that the person shot at was an unlawful intruder, and Greer's mistake of judgment in this matter must be chargable to his employers.

In the case of *Stranahan Bros. Catering Co.* v. *Coit,* the same principle is laid down. See also the case of *The Nelson Business College Co.* v. *Lloyd,* 60 O. S., 448; Judge Minshall, in deciding the case uses the following language:

"Notwithstanding some earlier cases, it is, we think, clearly settled that the master is liable for the willful, or even malicious, as well as negligent acts of the servant, done in the course of his employment and within the scope of his authority."

Th same principle is laid down in the case of *The Lima Ry. Co.* v. *Littler,* a case which went up from this county. It is useless to multiply authorities. The sole question under the pleadings to be determined in this case is: Was Greer, at the time he fired the shot, in the service of, and acting for his master and within the scope of his authority? As indicated above, it is the judgment of this court that he was so acting. Under these circumstances we hold that the court erred in sus-

taining the demurrer to the amended petition and for this reason the judgment of the court of common pleas is reversed at the costs of the defendants in error. The demurrer is over-ruled, judgment for costs and execution awarded and cause remanded for execution and further proceedings.

*Welty & Downing*, for plaintiff in error.

*W. B. Richie, W. H. Leele* and *Cable & Parmenter*, for de-fendant in error.